RECEIVED
AUG 14 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS

FILED
2019 AUG 14 PM 1:30
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **AJAY KUMAR** | § | **EP-19-MC-00205-FM** |
| | § | **FILED UNDER SEAL** |

**SUPPLEMENTAL ORDER OF AUTHORIZATION**

The United States of America has filed a supplemental emergency motion on behalf of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") for an order to allow it to perform additional laboratory tests and physical evaluations, to non-consensually hydrate in the form of IV fluids, and nasogastric tube placement with enteral feedings as needed of an ICE detainee in its custody. The United States has submitted the supplemental declaration of [redacted] who has stated detainee Ajay Kumar has refused to eat food since July 9, 2019. ICE is seeking an order to perform laboratory tests and physical evaluations, to non-consensually hydrate in the form of IV fluids, and nasogastric tube placement with necessary enteral feedings as needed prior to Mr. Kumar's condition decompensating to a critical juncture.

The Court has been advised by the Declaration of [redacted] that the death of a detainee on a hunger strike while in the custody of ICE would seriously affect the operation of ICE El Paso Processing Center ("SPC") and would adversely affect his ability and that of ICE to maintain the security and good order of the institution.

While detained persons retain a limited right to decline treatment, prison officials may compel a prisoner to accept treatment when, in the exercise of professional judgment, they deem it necessary to carry out valid medical and penological objectives. *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006). *See Owens v. Hinsley,* 635 F.3d 950, 955 (7th Cir. 2011) citing *Freeman v.*

Case 3:19-mc-00205-FM *SEALED* Document 13 Filed 08/14/19 Page 2 of 3

*Berge,* 441 F.3d 543, 546 (7th Cir. 2006)("Prison administrators have a right and a duty to step in and force an inmate to take nourishment if a hunger strike has progressed to the point where continuation risks serious injury or death."). Other Courts have allowed force-feeding of inmates in appropriate cases. *See also In re Sanchez*, 577 F. Supp. 7 (S.D.N.Y. 1983). Force-feeding has also allowed in the context of immigration detainees. *See In re Soliman,* 134 F. Supp. 2d 1238 (N.D. Ala. 2001) vacated as moot, *Soliman v. United States*, 296 F.3d 1237 (11th Cir. 2002).

Federal courts which have considered the matter have held that an inmate may be force-fed by the Bureau of Prisons. For example, the United States Court of Appeals for the Second Circuit upheld a United States District Court's order to force-feed a civil contemnor, who was confined for refusing to testify before a grand jury and who was on a hunger strike for political and religious reasons. The court found that:

> Although Doe, as civil contemnor, has been convicted of no crime, the institution where he is housed is still responsible for his care while incarcerated. Other compelling governmental interests, such as the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by Doe in the circumstances of this case.

*In re: Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998).

Force-feeding has also been allowed in the context of immigration detainees. *See In re Soliman,* 134 F. Supp. 2d 1238 (N.D. Ala. 2001) vacated as moot, *Soliman v. United States,* 296F. 3d 1237 (11th Cir. 2002). Therefore, allowing an immigration detainee to starve himself to death while in the care and custody of DHS, ICE, would seriously interfere with the orderly administration of justice and the discharge of the duties of those public officials charged with the care of that detainee.

**THEREFORE, IT IS ORDERED** that, pursuant to 28 U.S.C. § 1651, the medical staff at DHS, ICE, SPC or other providers, who are under contract with ICE to perform laboratory tests

and physical evaluation, to non-consensually hydrate in the form of IV fluids, and nasogastric tube placement with necessary enteral feedings as needed to assure Mr. Kumar's condition does not decompensate to a critical juncture.

FURTHER, if after the medical providers perform the involuntary medical examinations the medical providers feel that in their medical judgment, more intrusive medical procedures are necessary to preserve the life and health of Mr. Kumar, ICE will seek further Court approval.

**SO ORDERED.**

SIGNED on this the 14th day of August, 2019.

For **FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**